FILED
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2017 AUG -4  PM 4: 00    *Sn*

## UNITED STATES DISTRICT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LaDon Terry-Graham } | |
| } | |
| PLAINTIFF } | Case No: __17 - 1 0 9 1__ |
| } | |
| Vs. } | VERIFIED CLAIM FOR DAMAGES |
| } | JURY TRIAL DEMANDED |
| ATLANTIC LAW GROUP, LLC } | |
| } | |
| DEFENDANT } | |

COMES NOW LaDon Terry-Graham to bring this action against ATLANTIC LAW

GROUP, LLC (hereinafter "ALG") Defendant for violation of the Fair Debt Collection Practices

Act.

## I.    INTRODUCTION

1.      This action is due to the improper and misconduct by Defendant in attempt to

collect an alleged debt. Defendant is a debt collector defined in 15 U.S.C. section 1692a (6).

Plaintiff is a consumer defined in 15 U.S.C. section 1692a (3). Defendant sent Plaintiff a dunning

notice in connection in an attempt to collect a debt from Plaintiff. Defendant communication to

Plaintiff also consists of false and misleading representations which could be in violation of 15

U.S.C. section 1692e(2)(A), (5) and (10). The Plaintiff actions before this court is to recover

statutory and actual damages, cost, fees and expenses incurred by Plaintiff, prior to and during

the pendency of this action. Plaintiff has pursued all of its administrative remedies and those

explicitly written in the FDCPA. Defendant is being sued for violating the Fair Debt Collection

Practices Act (hereinafter "FDCPA") under 15 U.S.C. section 1692e(2)(A), (5) and (10).

## II. PARTIES

2.      LaDon Terry-Graham is the Plaintiff is this action. LaDon Terry-Graham is a consumer because she is a natural person. Plaintiff is a consumer because she engaged in a consumer transaction in which the subject of the transaction incurred consumer goods for personal, family and household purposes.

3.      Defendant ALG is a debt collector.  Defendant ALG is in the business of collecting defaulted debt through the use of interstate commerce and the mails. Defendant ALG principal place of business is located at 913 North Market Street, Suite 1011, Wilmington, DE 19801.

## III. JURISDICTION & VENUE

4.      Venue for the within action is properly within the jurisdiction of this Court upon the ground, that one Plaintiff resides within this Judicial district of the County of New Castle Delaware. The court also has jurisdiction pursuant to 15 USC 1692.

## IV. VERIFIED FACTS

### A.   Defendant ALG is a Debt Collector

5.      LaDon Terry-Graham is a consumer.

6.      Defendant ALG is a debt collector.

7.      Defendant ALG is in the business of collecting debt owed to others through the use of the mails and litigation.

8.      Defendant ALG has debt collecting attorneys who work for Defendant ALG.

9.      The attorney(s) who work for Defendant ALG are the age of maturity.

10.     The attorney(s) who work for Defendant ALG can speak, write and comprehend the English language.

11.     Defendant regularly collects or attempts to collect debts owed to another entity.

12.     Defendant ALG initiated debt collection activities against Plaintiff by commencing a mortgage foreclosure action under *Federal National Mortgage Association v. LaDon Terry-Graham et al,* Case No. N13L-11-020 on November 5th, 2013. See Exhibit A

13.     Defendant ALG sent Plaintiff a subsequent dunning communication on February 8, 2017, stating that Defendant ALG was a debt collector attempting to collect a debt and any information obtained will be used for that purpose. See Exhibit B

14.     Defendant ALG identified its functioning capacity as a debt collector attempting to collect a debt.

15.     Defendant ALG February 8, 2017 communication states, "As you know, this office represents Rushmore Loan Management Services, the servicer of the above referenced mortgage loan". See Exhibit A

16.     The attorney(s) who work for Defendant ALG do not work for RUSHMORE LOAN MANAGEMENT SERVICES (hereinafter "Rushmore") legal department.

17.     Rushmore is a debt collector for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Carlsbad Funding Mortgage Trust (hereinafter "Trust").

18.     The attorney(s) who work for Defendant ALG do not work for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust legal department.

19.     The attorney(s) who work for Defendant ALG do not work for Carlsbad Funding Mortgage Trust

20.     Defendant ALG and its attorneys are debt collectors.

**B.  Defendant ALG False and Misleading Representation on February 8th, 2017**

21.     The verified facts set forth in the preceding paragraphs five (5) through twenty (20) are incorporated herein by reference.

22.     On August 12, 2013, Plaintiff was granted a Chapter 7 Federal Discharge Order from the United States Bankruptcy Court for the District of Delaware discharging Plaintiff's personal liability of all debts. See Exhibit C

23.     All debt collectors were barred from taking any debt collection actions against Plaintiff after August 12, 2013.

24.     Defendant ALG continued debt collection activities against Plaintiff by commencing a mortgage foreclosure action under *Federal National Mortgage Association v. LaDon Terry-Graham et al,* Case No. N13L-11-020 on November 5th, 2013. See Exhibit B

25.     In the State of Delaware, mortgage foreclosure actions are *in rem* not in personam.

26.     Defendant PHDJ was not authorized to take any *in rem* judicial action against Plaintiff as a debt collector.

27.     Defendant ALG obtained a judgment for damages against Plaintiff on behalf of Federal National Mortgage Association on November 17, 2015 in the amount of $510,420.80. See Exhibit D

28.     Defendant ALG by way of attorney Lisa Cartwright substituted the Trust in the foreclosure action and marked the November 17, 2015 judgment to the use of the Trust on January 16, 2017.

29.     Defendant ALG sent Plaintiff a dunning subsequent communication on February
8, 2017. See Exhibit A

30.     Defendant ALG February 8, 2017 communication to Plaintiff contains false and
misleading representations through a deceptive means in an attempt to collect a debt from
Plaintiff.

31.     Defendant ALG misrepresented to Plaintiff that the amount required to payoff the
loan was $525,308.40 in the February 8, 2017 communication. See Exhibit A

32.     Defendant ALG threatened to take additional steps in the *in rem* foreclosure
process.

33.     Defendant ALG threatened to sale Plaintiff home unless the loan is reinstated or
paid prior to the foreclosure sale.

34.     Defendant ALG misrepresented the principal balance in the amount of
$386,121.87. See Exhibit A

35.     Defendant ALG misrepresented the accrued interest in the amount of $86,696.64.
See Exhibit A

36.     Defendant ALG misrepresented the Corporate advance in the amount of
$1,917.50. See Exhibit A

37.     Defendant ALG misrepresented the Escrow in the amount of $47,295.78. See
Exhibit A

38.     Defendant ALG misrepresented the Recon/Recording fees in the amount of $86.
See Exhibit A

39.     Defendant ALG misrepresented the Hazard Insurance in the amount of $182.63.
See Exhibit A

40.     Defendant ALG misrepresented the inspection fees in the amount of $15. See
Exhibit A

41.     Defendant ALG misrepresented the incurred attorney fees and costs good through
2/8/2017 in the amount of $2,992.98. See Exhibit A

42.     Defendant ALG misrepresented the total due as of 2/8/2017 in the amount of
$525,308.40. See Exhibit A

43.     Defendant ALG communication sent to Plaintiff constitutes debt collection
activity under the Fair Debt Collection Practices Act (hereinafter "FDCPA").

44.     Defendant ALG and its debt collecting attorneys exceeded its authority in an
attempt to collect a debt from Plaintiff on February 8, 2017.

45.     Defendant ALG threat to take legal action against Plaintiff that was not intended
to be taken by a debt collector can be a violation of the FDCPA.

46.     Defendant ALG February 8, 2017 communication sent to Plaintiff contains false
and misleading representations thru deceptive means in an attempt to collect a debt from Plaintiff
which can be in violation of the FDCPA.

**C. Defendant ALG False and Misleading Representation on March 29th, 2017**

47.     The verified facts set forth in the preceding paragraphs five (5) through forty-six
(46) are incorporated herein by reference.

48.     On August 12, 2013, Plaintiff was granted a Chapter 7 Federal Discharge Order
from the United States Bankruptcy Court for the District of Delaware discharging Plaintiff's
personal liability of all debts. See Exhibit C

49.     All debt collectors were barred from taking any debt collection actions against
Plaintiff after August 12, 2013.

50.     Defendant ALG continued debt collection activities against Plaintiff by commencing a mortgage foreclosure action under *Federal National Mortgage Association v. LaDon Terry-Graham et al,* Case No. N13L-11-020 on November 5th, 2013. See Exhibit B

51.     In the State of Delaware, mortgage foreclosure actions are *in rem* not in personam.

52.     Defendant ALG was not authorized to take any *in rem* judicial action against Plaintiff as a debt collector.

53.     Defendant ALG obtained a judgment for damages against Plaintiff on behalf of Federal National Mortgage Association on November 17, 2015 in the amount of $510,420.80. See Exhibit D

54.     Defendant ALG by way of attorney Lisa Cartwright substituted the Trust in the foreclosure action and marked the November 17, 2015 judgment to the use of the Trust on January 16, 2017.

55.     Defendant ALG sent Plaintiff a subsequent communication on March 29th, 2017. See Exhibit E

56.     Defendant ALG March 29th, 2017 communication contains false and misleading representations through a deceptive means in an attempt to collect a debt from Plaintiff.

57.     Defendant ALG March 29th, 2017 communication pertained to a Notice of Sheriff Sale in an attempt to collect a debt.

58.     Defendant ALG March 29th, 2017 communication to Plaintiff states that the Sheriff Sale was scheduled to be conducted on 04/11/2017 at 10:00a.m. Exhibit E

59.     Defendant ALG threatened to sell Plaintiff premises on April 11, 2017 through a New Castle County Sheriff Mortgage Foreclosure sale. See Exhibit E

60.     Defendant ALG and its attorneys falsely represented themselves as "Attorneys" for the Trust by signing the March 29th, 2017 communication as "Attorney for Plaintiff" when Defendant ALG does not work for the Trust.

61.     Defendant ALG debt collection efforts after August 12, 2013 caused the Plaintiff to form the belief that Defendant ALG worked for the Trust legal department when Defendant ALG nor its attorneys are not employees of the Trust.

62.     Defendant ALG and its debt collecting attorneys deceptively misled Plaintiff to believe that the attorney who signed the formal pleading in the judicial action worked for the Trust and had the authority to take such legal action.

63.     Defendant ALG and its debt collecting attorneys exceeded its authority in an attempt to collect a debt from Plaintiff on March 29th, 2017.

64.     Defendant ALG threat to take legal action against Plaintiff that was not intended to be taken by a debt collector can be a violation of the FDCPA.

65.     Defendant ALG March 29, 2017 communication sent to Plaintiff contains false and misleading representations thru deceptive means in an attempt to collect a debt from Plaintiff which can be in violation of the FDCPA.

### D. Plaintiff Suffered Actual Damages

66.     The facts set forth in the preceding paragraphs five (5) through sixty-five (65) are incorporated herein by reference.

67.     Plaintiff re-asserts paragraphs five (5) through eleven (11).

68.     Plaintiff re-asserts paragraph twenty-two (22).

69.     Defendant ALG has been barred from taking any debt collection efforts against Plaintiff since August 12, 2013.

70.     Defendant ALG obtaining a judgment for damages against Plaintiff after August 12, 2013 was debt collection activity.

71.     Plaintiff has suffered actual damages of $510,420.80.

72.     Defendant ALG used false representations and deceptive means in an attempt to collect a debt from Plaintiff by using a strict *in rem* State Court judicial proceeding.

73.     Defendant ALG communications sent to Plaintiff constitutes debt collection activity under the FDCPA.

74.     As a result, Plaintiff has suffered from mental anguish and severe emotional distress and seeks actual damages, cost and statutory damages.

75.     Plaintiff action is specifically based on the misconduct and behavior of Defendant ALG in its debt collection efforts and actions.

76.     Plaintiff seek the court administrative power to conduct a limited judicial review of Plaintiff enforcement actions taken in compliance with the FDCPA.

77.     Plaintiff request that the court conduct a limited judicial review of the verified claims in this action.

## COUNT ONE: Defendant ALG February 8, 2017 communication Violates the FDCPA under 15 U.S.C. 1692e (2)(A), (5) (10)

78.     The verified facts set forth in the preceding paragraphs five (5) through seventy-seven (77) are hereby incorporated as referenced.

79.     Upon information and belief Plaintiff is a consumer as defined in 15 USC 1692a (3).

80.     Upon information and belief Defendant ALG is a debt collector as defined in 15 USC 1692a (6).

81.     Upon information and belief Defendant ALG is attempting to collect an alleged debt as defined in 15 USC 1692a (5).

82.     Upon information and belief Defendant ALG is in the business of collecting debt owed to others through the use of the mails and litigation.

83.     Upon information and belief Defendant ALG has debt collecting attorneys who work for Defendant ALG.

84.     Upon information and belief the attorney(s) who work for Defendant ALG are the age of maturity.

85.     Upon information and belief the attorney(s) who work for Defendant ALG can speak, write and comprehend the English language.

86.     Upon information and belief Defendant ALG regularly collects or attempts to collect debts owed to another entity.

87.     Upon information and belief on August 12, 2013, Plaintiff was granted a Chapter 7 Federal Discharge Order from the United States Bankruptcy Court for the District of Delaware discharging Plaintiff's personal liability of all debts. See Exhibit C

88.     Upon information and belief all debt collectors were barred from taking any debt collection actions against Plaintiff after August 12, 2013.

89.     Upon information and belief Defendant ALG continued debt collection activities against Plaintiff by commencing a mortgage foreclosure action under *Federal National Mortgage Association v. LaDon Terry-Graham et al,* Case No. N13L-11-020 on November 5th, 2013. See Exhibit A

90.     Upon information and belief in the State of Delaware, mortgage foreclosure actions are *in rem* not in personam.

91.     Upon information and belief Defendant ALG was not authorized to take any *in rem* judicial action against Plaintiff as a debt collector.

92.     Upon information and belief Defendant ALG obtained a judgment for damages against Plaintiff on behalf of Federal National Mortgage Association on November 17, 2015 in the amount of $510,420.80. See Exhibit D

93.     Upon information and belief Defendant ALG by way of attorney Lisa Cartwright substituted the Trust in the foreclosure action and marked the November 17, 2015 judgment to the use of the Trust on January 16, 2017.

94.     Upon information and belief Defendant ALG sent Plaintiff a subsequent dunning communication on February 8, 2017, stating that Defendant ALG was a debt collector attempting to collect a debt and any information obtained will be used for that purpose. See Exhibit B

95.     Upon information and belief Defendant ALG sent Plaintiff a dunning subsequent communication on February 8, 2017. See Exhibit B

96.     Upon information and belief Defendant ALG February 8, 2017 communication to Plaintiff contains false and misleading representations through a deceptive means in an attempt to collect a debt from Plaintiff.

97.     Upon information and belief Defendant ALG misrepresented to Plaintiff that the amount required to payoff the loan was $525,308.40 in the February 8, 2017 communication. See Exhibit B

98.     Upon information and belief Defendant ALG threatened to take additional steps in the *in rem* foreclosure process.

99.     Upon information and belief Defendant ALG threatened to sale Plaintiff home
unless the loan is reinstated or paid prior to the foreclosure sale.

100.    Upon information and belief Defendant ALG misrepresented the principal
balance in the amount of $386,121.87. See Exhibit B

101.    Upon information and belief Defendant ALG misrepresented the accrued interest
in the amount of $86,696.64. See Exhibit B

102.    Upon information and belief Defendant ALG misrepresented the Corporate
advance in the amount of $1,917.50. See Exhibit B

103.    Upon information and belief Defendant ALG misrepresented the Escrow in the
amount of $47,295.78. See Exhibit B

104.    Upon information and belief Defendant ALG misrepresented the
Recon/Recording fees in the amount of $86. See Exhibit B

105.    Upon information and belief Defendant ALG misrepresented the Hazard
Insurance in the amount of $182.63. See Exhibit B

106.    Upon information and belief Defendant ALG misrepresented the inspection fees
in the amount of $15. See Exhibit B

107.    Upon information and belief Defendant ALG misrepresented the incurred
attorney fees and costs good through 2/8/2017 in the amount of $2,992.98. See Exhibit B

108.    Upon information and belief Defendant ALG misrepresented the total due as of
2/8/2017 in the amount of $525,308.40. See Exhibit B

109.    Upon information and belief Defendant ALG communication sent to Plaintiff
constitutes debt collection activity under the Fair Debt Collection Practices Act (hereinafter
"FDCPA").

110.    Upon information and belief Defendant ALG and its debt collecting attorneys exceeded its authority in an attempt to collect a debt from Plaintiff on February 8, 2017.

111.    Upon information and belief Defendant ALG false representation of the amount and legal status of the alleged debt can be in violation of 15 U.S.C. section 1692e (2)(A).

112.    Upon information and belief Defendant ALG threat to take legal action against Plaintiff that was not intended to be taken by a debt collector can be a violation of 15 U.S.C. 1692e (5).

113.    Upon information and belief Defendant ALG February 8, 2017 communication sent to Plaintiff contains false and misleading representations thru deceptive means in an attempt to collect a debt from Plaintiff which can be in violation of 15 U.S.C. section 1692e (10).

114.    Upon information and belief Defendant ALG violated provisions under the FDCPA.

### COUNT TWO: Defendant ALG March 29th, 2017 communication Violates the FDCPA under 15 U.S.C. 1692e (2)(A), (5) (10)

115.    The verified facts set forth in the preceding paragraphs five (5) through seventy-seven (77) are hereby incorporated as referenced.

116.    Plaintiff re-allege paragraphs eighty (80) through ninety-four (94).

117.    Upon information and belief Defendant ALG sent Plaintiff a subsequent communication on March 29th, 2017. See Exhibit E

118.    Upon information and belief Defendant ALG March 29th, 2017 communication contains false and misleading representations through a deceptive means in an attempt to collect a debt from Plaintiff.

119.    Upon information and belief Defendant ALG March 29th, 2017 communication pertained to a Notice of Sheriff Sale in an attempt to collect a debt.

120.    Upon information and belief Defendant ALG March 29th, 2017 communication to Plaintiff states that the Sheriff Sale was scheduled to be conducted on 04/11/2017 at 10:00a.m. Exhibit E

121.    Upon information and belief Defendant ALG threatened to sell Plaintiff premises on April 11, 2017 through a New Castle County Sheriff Mortgage Foreclosure sale. See Exhibit E

122.    Upon information and belief Defendant ALG and its attorneys falsely represented themselves as "Attorneys" for the Trust by signing the March 29th, 2017 communication as "Attorney for Plaintiff" when Defendant ALG does not work for the Trust.

123.    Upon information and belief Defendant ALG was not authorized to take any *in rem* judicial action against Plaintiff as a debt collector.

124.    Upon information and belief Defendant ALG debt collection efforts after August 12, 2013 caused the Plaintiff to form the belief that Defendant ALG worked for the Trust legal department when Defendant ALG nor its attorneys are not employees of the Trust.

125.    Upon information and belief Defendant ALG and its debt collecting attorneys deceptively misled Plaintiff to believe that the attorney who signed the formal pleading in the judicial action worked for the Trust and had the authority to take such legal action.

126.    Upon information and belief Defendant ALG and its debt collecting attorneys exceeded its authority in an attempt to collect a debt from Plaintiff on March 29th, 2017.

127.    Upon information and belief Defendant ALG threat to take legal action against Plaintiff that was not intended to be taken by a debt collector can be a violation of 15 U.S.C. section 1692e (5) and (10).

128.    Upon information and belief Defendant ALG March 29, 2017 communication

sent to Plaintiff contains false and misleading representations thru deceptive means in an attempt

to collect a debt from Plaintiff which can be in violation of 15 U.S.C. section 1692e (10).

129.    Upon information and belief Defendant ALG violated provisions under the

FDCPA.

## DEMAND FOR REMEDY

WHEREFORE, Plaintiff demands judgment as follows;

    i. Statutory Damages of $16,000 FDCPA;

    ii. Actual Damages of $510,420.80 FDCPA;

    iii. and Award Plaintiff Fees of Cost of This Action.

LaDon Terry-Graham,
In Propria Persona Plaintiff
224 Remi Drvie
New Castle, DE 19720
215-205-6192

Dated: July 27, 2017